Douglas L. Johnson (SBN 209216)
Melissa N. Eubanks (SBN 274491)
Daniel B. Lifschitz (SBN 285068)
**JOHNSON & JOHNSON LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone:  (310) 975-1080
Facsimile:   (310) 975-1095
Email:        djohnson @jjllplaw.com
                 meubanks@jjllplaw.com
                 dlifschitz@jjllplaw.com

*Attorneys for Plaintiff*
ASSOCIATED PRODUCTION MUSIC LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ASSOCIATED PRODUCTION MUSIC LLC, a New York limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MAJOR LEAGUE SOCCER, L.L.C., a Delaware corporation; FC DALLAS SOCCER, L.L.C., a Texas limited liability company; DYNAMO SOCCER, L.L.C., a Delaware limited liability company; FREE 2 PLAY LP., a Canadian Limited Partnership; ANSCHUTZ L.A. SOCCER, INC., dba LA GALAXY, a Delaware Corporation; PEREGRINE SPORTS LLC, a Delaware limited liability company; UTAH SOCCER LLC dba REAL SALT LAKE, a Utah limited liability company; EARTHQUAKES SOCCER, LLC, a California limited liability company; SEATTLE SOCCER LLC, a Delaware limited liability company; VANCOUVER WHITECAPS FC L.P., a Canadian limited partnership; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:23-cv-1173<br><br>**COMPLAINT FOR:**<br><br>1. **DIRECT COPYRIGHT INFRINGEMENT**<br>2. **CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br>3. **VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Associated Production Music LLC ("APM" or "Plaintiff"), by and through its undersigned attorneys, brings this complaint (the "Complaint") against Major League Soccer, L.L.C. ("MLS"), FC Dallas Soccer, LLC ("FCDS"), Dynamo Soccer, LLC. ("DS"), Free 2 Play LP ("F2P"), Anschutz L.A. Soccer, Inc. dba LA Galaxy ("ALAS"), Peregrine Sports LLC ("PS"), Utah Soccer LLC dba Real Sale Lake ("US"), Earthquakes Soccer, LLC ("ES"), Seattle Soccer LLC ("SS"), Vancouver Whitecaps FC L.P. ("VW"), and Does 1-10 (collectively "Defendants") upon knowledge and belief as to itself and as to all other matters upon information and belief of its undersigned attorneys. With respect to facts alleged herein on information and belief, Plaintiff and its undersigned attorneys are informed and believe that those facts are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, because, among other reasons, evidence to support those facts is exclusively in Defendants' possession.

## NATURE OF THE ACTION

1. This is an action for copyright infringement in connection with the United States terms of copyright (the "Copyrights") in the sound recordings (and the underlying musical compositions embodied therein) listed on **Exhibit 1** to the Complaint (the "Recordings") and incorporated herein, each of which have been registered with the United States Copyright Office.

## PLAINTIFF

2. Plaintiff APM is a New York limited liability company with its principal place of business located in Hollywood, California.

## DEFENDANTS

3. Defendant MLS is a limited liability company organized under the laws of Delaware, with its principal place of business in the State of New York. Defendant MLS owns each of the other named defendants identified below.

4. Defendant FCDS is a limited liability company organized under the laws of the state of Texas and with its principal place of business in Dallas, Texas.

On information and belief, FCDS owns and operates the FC Dallas professional soccer team and is responsible for infringements on the FC Dallas social media channels.

5. Defendant DS is a limited liability company formed in the State of Delaware and with its principal place of business in Houston, Texas. On information and belief, DS owns and operates the Houston Dynamo professional soccer team and is responsible for infringements on the Houston Dynamo social media channels.

6. Defendant F2P is a limited partnership organized under the laws of Canada and with its principal place of business in Montreal, Quebec. On information and belief, F2P owns and operates the CF Montreal professional soccer team (formerly Montreal Impact) and is responsible for infringements on CF Montreal's (and Montreal Impact's) social media channels.

7. Defendant ALAS is a corporation organized under the laws of Delaware and with its principal place of business in Los Angeles, California. On information and belief, ALAS owns and operates the LA Galaxy professional soccer team and is responsible for infringements on the LA Galaxy social media channels.

8. Defendant PS under the assumed business name of Portland Timbers, is a limited liability company organized under the law of Delaware and with its principal place of business in Portland, Oregon. On information and belief, PS owns and operates the Portland Timbers professional soccer team and is responsible for infringements on the Portland Timbers social media channels.

9. Defendant US, on information and belief, is a limited liability company organized under the laws of Utah and with its principal place of business in the state of New York. On information and belief, US owns and operates the Real Salt Lake professional soccer team and is responsible for infringements on the Real Salt Lake social media channels.

10. Defendant ES, on information and belief, is a limited liability company organized under the laws of California. On information and belief, ES owns and operates the San Jose Earthquakes professional soccer team and is responsible for infringements on the San Jose Earthquakes social media channels.

11. Defendant SS is a limited liability company organized under the laws of Delaware and with its principal place of business in Seattle, Washington. On information and belief, SS owns and operates the Seattle Sounders FC professional soccer team and is responsible for infringements on the Seattle Sounders FC social media channels.

12. Defendant VW is a Limited Partnership organized under the laws of Canada. On information and belief, VW owns and operates the Vancouver Whitecaps FC professional soccer team and is responsible for infringements on the Vancouver Whitecaps FC social media channels.

13. Defendants Does 1 through 10 are sued herein by fictitious names for the reason that their true names are unknown to Plaintiff. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of these Defendants when the same have been ascertained. Plaintiff is informed and believes and based thereon alleges that these fictitiously named Defendants are responsible in some manner for the actions and damages alleged herein.

14. Plaintiff is further informed and believes and based thereon alleges that Defendants at all times herein alleged were the agents, employees, servants, joint venturers and/or co-conspirators of each of the other remaining Defendants, and that in doing the things herein alleged were acting in the course and scope of such agency, employment, joint venture and/or conspiracy.

## JURISDICTION AND VENUE

15. Subject matter jurisdiction is appropriate to this Court under 28 U.S.C. §§ 1331 and 1338 because this action arises under the Copyright Laws of the United States (17 U.S.C. §§ 101 et seq.), and this Court has supplemental

1  jurisdiction over any related state law claims under 28 U.S.C. § 1367.

2    16. This Court has personal jurisdiction over Defendants in that, among other things: (1) Defendants' conduct caused injury to APM and its intellectual property within the State of California through continuous and systematic exploitation of the Recordings on YouTube and Facebook, California-based companies, accessible to California-based consumers, with terms of service governed by California law. (2) Additionally, Defendants (a) regularly do or solicit business in the State of California, (b) engage in a persistent course of conduct in the State of California, (c) derive substantial revenue from consumers located in the State of California, (d) expect or should reasonably expect their acts to have consequences in the State of California, and (e) derive substantial revenue from interstate commerce. (3) Defendants LA Galaxy and Defendant San Jose Earthquakes committed all aspects of their infringements of Plaintiff's Copyrights in California and primarily conduct business within California.

  17. Venue is appropriate under 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims occurred in Los Angeles County, and Defendants' actions caused injury in Los Angeles County. Further, as the Federal District Court for the Central District of California has particular expertise in copyright law, hearing this matter in the Central District of California would contribute to judicial efficiency in the resolution of this matter.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

  18. APM is the leading production music company in North America. Production music is the name given to recorded music that is intended to be licensed to customers for use in film, television, radio, and other media.

  19. With more than one million tracks, inclusive of the Recordings, APM's production music catalog is the largest, deepest, and broadest music collection in the production music industry. Indeed, APM's catalog consists of over 50 diverse and in demand production music libraries including KPM Music,

Bruton, Sonoton, Cezame, and Kosinus. Some of APM's most well-known tracks are "Heavy Action" (a.k.a. The Theme for *Monday Night Football*), "The Big One" (a.k.a. The Theme for *The People's Court*), and "Sweet Victory" (from the *SpongeBob SquarePants* episode "Band of Geeks"). APM's music has also been synchronized on major entertainment properties such as *GLOW*, *This is Us*, *Westworld*, *The Americans*, *Stranger Things*, *Atlanta*, *Game of Thrones*, *SpongeBob SquarePants*, *The Ren & Stimpy Show*, *Lady Bird*, *Mudbound*, *The Disaster Artist*, *The Big Sick*, *The Shape of Water*. *Call of Duty: Infinite Warfare*, *Tom Clancy's Ghost Recon Wildlands*, the *Saints Row* series, and *MLB: The Show*.

20. As the North American subpublisher of its highly valuable catalog, which includes the Copyrights to the Recordings, APM possesses the exclusive rights to record, reproduce, distribute, advertise, and otherwise exploit such copyrighted works, as well as to license others to do so in exchange for the payment of royalties or fees customarily associated with the issuance of such licenses.

21. MLS advertises itself as "the top-flight professional soccer league in the United States and Canada[.]"[1] It comprises 28 teams (known as "clubs") from Los Angeles to Montreal and from Orlando to Vancouver. Each of the other named defendants is one of these professional soccer teams. MLS owns all soccer teams in the league, and "investor/operators" in MLS each operate a single such team.

22. Defendants dedicate substantial effort to their social media presences. MLS advertises its own and its teams' websites and social media profiles for Twitter, Facebook, Instagram, Snapchat, YouTube, and TikTok.[2] MLS engages in social media campaigns to engage their fanbase and increase their viewership.[3] Each of the teams use social media extensively in addition to the national league.[4]

---

[1] https://www.mlssoccer.com/about/
[2] https://www.mlssoccer.com/news/mls-social-media-directory-322846
[3] See, e.g., https://www-static.hootsuite.com/uploads/ezpublish/hootsuite-MLS-case-study.pdf
[4] https://digitalsport.co/mls-season-kicks-off-with-explosive-social-content

23. Defendants are very aware of the protections that the Copyright Laws of the United States afford. MLS and F.C. Internazionale Milano S.p.A. (owners of the Inter Milan football club in Milan, Italy) have been engaged in a trademark dispute before the USPTO's Trademark Trial and Appeal Board since March 2019 (Cancellation number 91247160, reviewable at ttabvue.uspto.gov). Further, MLS has hundreds of trademarks for which it has applied for or been granted registration by the UPSTO, and MLS has registered nearly sixty copyrights since its inception with the United States Copyright Office. Defendants, and each of them, protect their own intellectual property rights while violating those of others.

24. In or about the beginning of 2021, APM learned through a third-party vendor, Tunesat, that Defendants had been exploiting the Recordings by synchronizing them with the Videos (which are listed in Exhibit 1 to this Complaint alongside the Recordings), which are intended to promote Defendants' commercial activities, and then exploiting the Videos on variety of consumer-facing platforms. Accordingly, on March 25, 2021, APM contacted Defendants to discuss whether any such uses were licensed or, alternatively, were infringements.

25. APM thereafter learned that at no point in time did Defendants ever obtain APM's license, authorization, or consent to synchronize the Recordings with the Videos.

**FIRST CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT**

**(Against All Defendants)**

26. Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 25, as though fully set forth herein.

27. Without Plaintiff's authorization, license, or consent, Defendants reproduced, distributed, and/or publicly performed the Recordings as part of the Videos, thereby infringing Plaintiff's exclusive rights of copyright to the Recordings under the Copyright Act, 17 U.S.C. §§ 106, 501.

28. On information and belief, Defendants have authorized the reproduction, distribution, and/or public performance of the Recordings by synchronizing the Recordings with the Videos on YouTube.

29. Each unauthorized reproduction, distribution, and/or public performance of the Videos constitutes a separate and distinct act of copyright infringement of the Recordings.

30. Defendants' conduct has been intentional, willful and with full knowledge of Plaintiff's copyrights in the Recordings and the direct infringement thereof.

31. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendants' direct infringement of Plaintiff's copyrights, Plaintiff is entitled to recover its actual damages, including Defendants' profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages per work infringed.

32. Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

33. Defendants are causing, and unless enjoined by the Court, will continue to cause, Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction under 17 U.S.C. § 502, prohibiting the continued infringement of the Recordings and an order under 17 U.S.C. § 503 directing the impoundment, destruction or other reasonable disposition of all infringing works, including the Videos.

## SECOND CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (Against All Defendants)

34. Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 33, as though fully set forth herein.

35. Through their conduct alleged herein, Defendants knowingly and

systematically induced, caused, materially contributed to and participated in infringing distribution by third parties of the Recordings, including, without limitation, by way of reproduction, distribution, and/or public performance through the various websites listed on Exhibit 1. Specifically, by licensing the rights to reproduce, distribute, and/or publicly perform the Videos, Defendants induced and encouraged these websites to directly infringe Plaintiff's Copyrights.

36. Defendants' conduct has been and continues to be intentional, willful and with full knowledge of Plaintiff's copyrights in the Recordings, and the contributory infringement thereof.

37. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendants' contributory infringement of Plaintiff's copyrights, Plaintiff is entitled to recover their actual damages, including Defendants' profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages per work infringed.

38. Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

39. Defendants are causing, and unless enjoined by the Court, will continue to cause, Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction under 17 U.S.C. § 502 prohibiting the continued contributory infringement of the Recordings and an order under 17 U.S.C. § 503 directing the impoundment, destruction or other reasonable disposition of all infringing works.

### THIRD CAUSE OF ACTION
### VICARIOUS COPYRIGHT INFRINGEMENT
### (Against All Defendants)

40. Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 39, as though fully set forth herein.

41. Through their conduct alleged herein, Defendants knowingly and

systematically induced, caused, materially contributed to and participated in infringing distribution by third parties of the Recordings, including, without limitation, by way of reproduction, distribution, and/or public performance through the various websites listed on Exhibit 1. Specifically, Defendants enjoyed a direct financial benefit from the reproduction, distribution, and/or public performance of the Videos while having the right and ability to supervise the infringing activity, yet failed to exercise that right and ability to prevent the infringing activity.

42. Defendants' conduct has been and continues to be intentional, willful and with full knowledge of Plaintiff's copyrights in the Recordings, and the contributory infringement thereof.

43. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendants' vicarious infringement of Plaintiff's copyrights, Plaintiff is entitled to recover their actual damages, including Defendants' profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages per work infringed.

44. Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

45. Defendants are causing, and unless enjoined by the Court, will continue to cause, Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction under 17 U.S.C. § 502 prohibiting the continued vicarious infringement of the Recordings and an order under 17 U.S.C. § 503 directing the impoundment, destruction or other reasonable disposition of all infringing works.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for Judgment as follows:

**On the First Claim for Direct Copyright Infringement:**

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendants, as a result

of their acts of infringement in an amount according to proof at trial, or, alternatively, for an award of statutory damages in an amount of up to $150,000 per work infringed, according to proof at the time of trial;

2. For a temporary, preliminary and permanent injunction, prohibiting the continued infringement of the Recordings during the terms of copyright; and

3. For attorneys' fees and costs.

**On the Second Claim for Contributory Copyright Infringement:**

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendants, as a result of their acts of contributory infringement in an amount according to proof at trial, or, alternatively, for an award of statutory damages in an amount of up to $150,000 per work infringed, according to proof at the time of trial;

2. For a temporary, preliminary and permanent injunction, prohibiting the continued infringement of the Recordings during the terms of copyright; and

3. For attorneys' fees and costs.

**On the Second Claim for Vicarious Copyright Infringement:**

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendants, as a result of their acts of vicarious infringement in an amount according to proof at trial, or, alternatively, for an award of statutory damages in an amount of up to $150,000 per work infringed, according to proof at the time of trial;

2. For a temporary, preliminary and permanent injunction, prohibiting the continued infringement of the Recordings during the terms of copyright; and

3. For attorneys' fees and costs.

**On All Claims For Relief:**

1. For costs of suit and attorneys' fees incurred herein;

2. For prejudgment interest at the legal rate; and

3. For such other and further relief as the Court deems just and proper.

11
COMPLAINT

| | | |
|---|---|---|
| Dated: February 16, 2023 | | **JOHNSON & JOHNSON LLP** |
| | By | /s Douglas L. Johnson |
| | | Douglas L. Johnson |
| | | *Attorneys for Plaintiff* |

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: February 16, 2023      **JOHNSON & JOHNSON LLP**

            By /s Douglas L. Johnson
              Douglas L. Johnson
              *Attorneys for Plaintiff*